IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM DEVOY GRAVES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 2:04-cv-01229-JHH-JEO |
| | ) |
| TROY KING, ATTORNEY GENERAL OF | ) |
| THE STATE OF ALABAMA, and WARDEN | ) |
| BILLY MITCHEM, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

This is a petition for a writ of habeas corpus brought by a person in state custody following his state court convictions on March 1, 2000. *See* 28 U.S.C. § 2254. Upon consideration of the same, the court finds that the petition is due to be dismissed because it is barred by the applicable statute of limitations. *See* 28 U.S.C. § 2244(d).

**FACTUAL BACKGROUND**

The petitioner was convicted in the Circuit Court of Etowah County, Alabama, on March 1, 2000, on the offenses of first degree burglary, first degree robbery, and first degree sodomy. (Petition at p. 1).[1] He was sentenced to serve twenty years custody on each count, to run concurrently. (*Id*.). He appealed his convictions and sentence to the Alabama Court of Criminal Appeals. That court affirmed his convictions and sentence in a memorandum opinion dated February 23, 2001. (Ex. B).[2] The petitioner filed an application for a writ of certiorari in the Alabama Supreme Court. The application was denied on June 29, 2001. (Petition at p. 2; Ex.

---

[1] The petition is located at document 1 in the court's file.

[2] The exhibits are located as attachments to document 3 in the court's file.

B-1). A certificate of judgment was issued on June 29, 2001. (Ex. B-1).

Counsel for the petitioner filed a post-conviction petition pursuant to Alabama Rule of Criminal Procedure 32 challenging his convictions and sentences on July 29, 2002. (Ex. A at p. 3). Therein, he challenged the effectiveness of his trial and appellate counsel. (*Id*. at pp. 6, 7, & 10). He also alleged that his conviction was premised on insufficient evidence, misrepresentations by the prosecutor, and improper action by the trial court. (*Id*. at pp. 8-10). Finally, he alleged that there was newly discovered evidence concerning a prosecution witness. (*Id*. at p. 7). The State filed a motion to dismiss the petition. Following a hearing on the motion, the trial judge entered an order denying and dismissing the Rule 32 petition. (*Id*. at pp. 18-20). The petitioner appealed the dismissal to the Alabama Court of Criminal Appeals. On October 24, 2003, the court affirmed the denial of relief in a memorandum opinion. Following the denial of his application for a writ of certiorari by the Alabama Supreme Court, a certificate of judgment was issued on January 16, 2004. (Ex. A-2).

Counsel for the petitioner filed the present federal habeas petition on June 15, 2004. He presents ten claims for relief concerning his convictions. The respondents were required by this court to appear and show cause why the requested relief should not be granted. (Doc. 2). In response to the court's order, the respondents have filed an answer in which they assert, *inter alia*, that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Answer at pp. 7-10).[3] The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254

---

[3]The answer is located at document 3 in the court's file.

Cases. (Doc. 4). The petitioner filed a response asserting that "a number of [the] documents . . . cited in the response filed by counsel for the State . . . are not included in the materials sent by the State to Petitioner. Therefore, [i]t is not possible to evaluate the exhibits." (Response at p. 1).[4] He also asserts that the respondents' argument that the petition is barred by the statute of limitations is without merit. (*Id*. at pp. 1-2).

## DISCUSSION

AEDPA amended 28 U.S.C. § 2244 to read as follows:

>(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[4] The response is located at document 5 in the court's file.

The certificate of judgment on the petitioner's direct appeal was issued on June 29, 2001. Accordingly, he had ninety (90) days to seek review in the United States Supreme Court. Because he did not seek such review, his conviction became final on September 29, 2001. The federal statute of limitations ran from that date until July 29, 2002, when his counsel filed the Rule 32 petition, consuming 302 days of the 365 period.

The statute was tolled from July 29, 2002, until January 16, 2004, when the certificate of judgment was entered by the Alabama Court of Criminal Appeals. The statute commenced running again on January 17, 2004, and continued until June 15, 2004, when he filed the present petition. This consumed an additional 148 days under the statute.

The present petition is untimely because it was filed 85 days after the statutory period had expired. The petitioner argues that

> [t]he Alabama Supreme Court denied the Petition for Writ of Certiorari which Petitioner filed seeking review of the denial by the Alabama Court of Criminal Appeals of Petitioner's Rule 32, Ala. R. Civ. [sic] Proc., post conviction petition for relief. Petitioner was allowed by law a period of 90 days following that ruling on January 16, 2004, to file a petition for certiorari with the United States Supreme Court. That period of time would have ended April 16, 2004. This left two months remaining on the non-tolled one-year period. The petition in this case was filed on June 15, 2004, within the two month period. Consequently, this petition is timely filed.

(Response at p. 2). The petitioner is incorrect in his unsupported proposition. The Eleventh Circuit has made it clear that the time for filing a petition for writ of certiorari in the United States Supreme Court challenging a state court's denial of post-conviction relief is not to be excluded from the statute of limitations. *See Lawrence v. Florida*, 421 F.3d 1221, 1225 (11th Cir. 2005) (binding circuit precedent clearly provides that the statute of limitations is not tolled during the pendency of a petition for writ of certiorari in the United States Supreme Court

4

challenging the state court's denial of state collateral review); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (statute of limitations' tolling provision in § 2244(d)(2) does not include the time for seeking certiorari review by the United States Supreme Court following the denial of state habeas relief); *Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("[T]he time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."). Thus, his petition is untimely and barred from further review under the circumstances.[5]

## CONCLUSION

Premised on the foregoing, the court finds that the petition for a writ of habeas corpus is due to be dismissed with prejudice. An appropriate order will be entered.

**DONE** this the   22nd   day of February, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[5]To the extent that the petitioner complains that the respondents did not provide him with copies of the attachments to their response, the court finds that insignificant. The issue presented and determined in this matter was evident from the face of the original petition. Additionally, the materials offered in support of the response are for the most part comprised of documents the petitioner would have previously been provided.